UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

FARIBA PARNIANI,                                              Civil No. 06-3313 (RHK/AJB)

      Plaintiff,

v.                                                                            **REPORT AND RECOMMENDATION**

CARDINAL HEALTH, INC., et al.,

      Defendants.

This matter is before the undersigned United States Magistrate Judge on Plaintiff's application for leave to proceed in forma pauperis, ("IFP"), which was submitted with her self-styled "Notice of Removal." The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Plaintiff's IFP application be denied, that her Notice of Removal be stricken, and that this case be terminated.

**I.    BACKGROUND**

Plaintiff's Notice of Removal indicates that she has filed a worker's compensation claim against Defendant, Cardinal Health, Inc., which is currently pending in the Minnesota State "Office of Administrative Hearings." Plaintiff apparently is dissatisfied with the manner in which her worker's compensation claim is being handled by the state administrative agency where she filed the claim, so she is now attempting to remove the matter to federal court under the federal removal statutes, 28 U.S.C. §§ 1441, et seq. The Court finds, however, that Plaintiff cannot remove her worker's compensation case to federal court.

## II.   DISCUSSION

The federal removal statutes provide that

"Except as otherwise expressly provided by Act of Congress, any <u>civil action brought in a State court</u> of which the district courts of the United States have original jurisdiction, may be removed <u>by the defendant or the defendants</u>, to the district court of the United States for the district and division embracing the place where such action is pending."

28 U.S.C. § 1441(a) (emphasis added).

The provisions of § 1441(a) that have been underscored above show two compelling reasons why Plaintiff cannot remove her worker's compensation case to federal court.

First, the statute provides that only civil actions brought in a state <u>court</u> are removable under § 1441(a).  Thus, "[t]he general rule is that administrative proceedings are not subject to interruption by removal." <u>In the Matter of Registration of Edudata Corporation</u>, 599 F.Supp. 1089, 1090 (D.Minn. 1984) (Murphy, J.).  The matter that Plaintiff is presently attempting to remove is a state administrative proceeding, not a state court action.  Therefore, Plaintiff cannot remove that proceeding to federal court.[1]

Second, even if Plaintiff's current worker's compensation proceeding could be removed to federal court, such a removal could be initiated only <u>by the Defendant</u>, not the Plaintiff.  Section 1441(a) clearly specifies that a case can be removed to federal court only

---

[1] The Court further notes that even if Plaintiff's worker's compensation claim were being litigated in state court, it still could not be removed to federal court, because 28 U.S.C. § 1445(c) expressly provides that "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States."  <u>See</u> also <u>Johnson v. AGCO Corp.</u>, 159 F.3d 1114, 1116 (8th Cir. 1998) (noting that § 1445(c) "prevents removal of cases 'arising under' state worker's compensation law even where there is diversity of citizenship between the parties").

"by the defendant or defendants." A plaintiff who has chosen to initiate a proceeding in state court cannot later elect to remove his or her action to federal court. See Duckson v. Carlson, Bassinger, LLC v. Lake Bank, N.A., 139 F.Supp.2d 1117, 1119 (D.Minn. 2001) (Rosenbaum, J.) ("[i]t is well-established that plaintiffs do not have a right of removal"), citing, inter alia, Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 107 (1941). Because Plaintiff is the party who initiated the present proceeding in a state forum, she cannot remove the matter to federal court.

"[T]he nature of federal removal jurisdiction – restricting as it does the power of the states to resolve controversies in their own courts – requires strict construction of the legislation permitting removal." Nichols v. Harbor Venture, Inc., 284 F.3d 857, 861 (8th Cir. 2002. See also Sun Buick, Inc. v. Saab Cars USA, Inc., 26 F.3d 1259, 1267 (3rd Cir. 1994) (noting "the general principle that the removal statute is to be strictly construed"). In this case, a strict construction of the phrases "brought in a State court," and "by the defendant or defendants," as used in 28 U.S.C. § 1441(a), precludes a state administrative proceeding from being removed into federal court by a plaintiff.

Thus, the Court concludes that Plaintiff cannot remove her worker's compensation proceeding into federal court under the federal removal statutes. Because Plaintiff's attempt to remove this matter to federal court is clearly improper, the Court will recommend that her Notice of Removal be stricken, that her IFP application be denied, and that this case be terminated.

**III.   RECOMMENDATION**

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1.  Plaintiff's application for leave to proceed in forma pauperis, (Docket No. 2), be denied;

2.  Plaintiff's "Notice Of Removal," (Docket No. 1), be stricken; and

3.  This case be terminated.

Dated: August 24, 2006

 s/ Arthur J. Boylan
ARTHUR J. BOYLAN
United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.  Written objections must be filed with the Court before September 12, 2006.